UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HAKEEM CURRY                                                                                   PETITIONER

V.                                          CIVIL ACTION NO. 3:24-CV-337-KHJ-MTP

WARDEN D. COLBERT                                                                        RESPONDENT

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated, the Court dismisses this case without prejudice.

Pro se Petitioner Hakeem Curry—incarcerated by the Bureau of Prisons—initiated this habeas action on June 10, 2024. Pet. [1]. On January 23, 2025, the Court ordered him to sign his [1] Petition by February 6. Order [3]. Having received no response, the Court entered an [4] Order to Show Cause, directing Curry to show cause why the Court should not dismiss the case for failure to comply with the Court's [3] Order. [4]. The response was due March 6. *Id.* Because Curry again failed to respond, the Court entered a [5] Second Order to Show Cause, giving him one more chance to comply. [5] at 1.[1] Curry still did not respond or otherwise contact the Court.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b)

---

[1] All [3, 4, 5] Orders were mailed to Curry's address of record and were not returned as undeliverable.

and its inherent authority to control its cases. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. Dismissal for failure to prosecute is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

The Court has given Curry multiple chances to comply. He has failed to do so. The Court therefore dismisses this case without prejudice under Rule 41(b) for failure to obey the Court's orders.

For the reasons stated, the Court DISMISSES this case without prejudice. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Curry at his address of record.

SO ORDERED, this 22nd day of April, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE